■ TRANSCONTINENTAL MUSIC CORPORATION, Respondent, v ANDY GALLO, Doing Business as FOUR SEASONS VARIETY, Appellant.—Appeal from an order of the County Court of Schenectady County at Special Term, entered October 28, 1977, which granted plaintiff's motion to withdraw his application for a trial *de novo.* The basic facts in this case are not in dispute. The issue presented is one of first impression. Plaintiff commenced this action to recover for goods allegedly sold and delivered to defendant. Following service of a summons and complaint, defendant duly appeared, pleadings were exchanged, and a note of issue was filed. The action was thereafter referred to an arbitration panel pursuant to the Judicial Conference (Administrative Board) Rules concerning compulsory arbitration (22 NYCRR 28.2). A decision was rendered by the arbitration panel awarding plaintiff the sum of $3,000 plus interest. Plaintiff thereafter timely filed a demand for a trial *de novo* pursuant to section 28.12 of the Judicial Conference (Administrative Board) Rules (22 NYCRR 28.12 [a]). Over two years later plaintiff moved for an order granting it the right to withdraw its application for a trial *de novo.* The County Court granted plaintiff's motion ordering that plaintiff's application for a trial *de novo* be withdrawn and that the judgment of the arbitration panel be in full force and effect. This appeal ensued. Defendant contends that a party should not be permitted to withdraw his demand for a trial *de novo,* where the adverse party does not consent to such withdrawal and where it would be prejudicial. We agree. Although plaintiff was awarded $3,000 plus interest by the arbitration panel, it and not defendant filed the demand for a trial *de novo.* The

appropriate rule provides, in pertinent part, as follows: "Demands may be made by any party for trial *de novo* * * * with or without a jury. Any party within 20 days after the award is filed with the appropriate court clerk, may file with the court clerk and serve upon all adverse parties a demand for trial *de novo.*" (22 NYCRR 28.12 [a].) It is not questioned that plaintiff timely complied with this rule. The rule, however, makes no provision for withdrawal of the demand. It specifically provides that any party may make the demand and must give notice to *all* adverse parties. Once a party has made the demand and given notice to all adverse parties, they may, in our view, reasonably assume that a trial will take place. Any further demand by them is not only unncessary, it is superfluous since only one trial will be had. All other parties have a right to conclude no further action on their part is required. Consequently, a party should not be allowed to withdraw his demand for a trial *de novo,* where such withdrawal would be prejudicial to an adverse party, unless consent is first obtained (cf. CPLR 4102). In the instant case no consent was obtained and the prejudicial effect is manifest since the time to demand has expired. The court, therefore, improperly granted plaintiff's motion and the order should be reversed. Order reversed, on the law, and plaintiff's motion denied, without costs. Mahoney, P. J., Greenblott, Sweeney, Kane and Mikoll, JJ., concur.